The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>v.<br><br>EPHRAIM ROSENBERG,<br>JOSEPH NILSEN,<br>HADIS NUHANOVIC,<br>KRISTEN LECCESE,<br>ROHIT KADIMISETTY, and<br>NISHAD KUNJU,<br><br>Defendants. | NO. CR20-151RAJ<br><br>***STIPULATED* MOTION FOR<br>PROTECTIVE ORDER**<br><br>Noted:  October 30, 2020 |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Steven Masada and Siddharth Velamoor, Assistant United States Attorneys, and Defendants EPHRAIM ROSENBERG, JOSEPH NILSEN, HADIS NUHANOVIC, KRISTEN LECCESE, and ROHIT KADIMISETTY (collectively "Defendants"), by and through their attorneys of record below, hereby file this Stipulated Motion for a Protective Order.

U.S. v. Rosenberg, et al. / CR20-151 RAJ
Stipulated Motion for Protective Order - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I.   BACKGROUND

On September 16, 2020, a Grand Jury in this District returned an Indictment against the Defendants. *See* Dkt. 1.  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Local Rules of the U.S. District Court for the Western District of Washington, and other applicable law, the United States will produce discovery to the Defendants. The government anticipates that its discovery production will consist of sensitive and confidential materials, including: (1) personal identifying information (PII)[1] about witnesses and other third parties[2]; (2) transcripts of testimony before the Grand Jury; and (3) trade secret and other business confidential information that is alleged to belong to victims of the conduct charged in the Indictment; and (4) information about pending non-public criminal investigations.

## II.   PROTECTIVE ORDER REQUEST

The potential disclosure of this sensitive, confidential, information (referred to herein as the "Protected Material") to persons other than the relevant defendants and their counsel may therefore impair numerous interests, including victims' interests in the confidentiality and exclusive use of their information, the privacy and security of third parties, and the integrity of ongoing government investigations.  The parties agree that there is good cause for the entry of a Protective Order to safeguard these interests. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); *see also United States v. Alderman*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information.  The government has tried and will continue to try to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to the defense.

[2] The term "third party" includes defendants other than the defendant to whom discovery is being produced by the government.

U.S. v. Rosenberg, et al. / CR20-151 RAJ
Stipulated Motion for Protective Order - 2

1   of the materials which they may be entitled to inspect."); *United States v. Wecht*, 484 F.3d
2   194, 211 (3d Cir. 2007).

3       The parties request that the Court enter a Protective Order that would prohibit the
4   distribution of the Protected Material and the information contained therein, as set forth in
5   greater detail in the Proposed Order.  In essence, under the proposed Protective Order,
6   possession of the Protected Material would be limited to the attorneys of record in this case
7   and their staff, and to any investigators, expert witnesses, and other agents that the attorneys
8   of record retain in connection with this case.  Each defendant would be permitted to inspect
9   and review the Protected Material but would not be permitted to possess Protected
10  Material, or to make or retain copies of Protected Material.  These proposed restrictions
11  are designed to permit full use of the Protected Material and information contained therein
12  in the preparation of the defendants' defense, but to avoid distributing Protected Material
13  and the information therein to other persons who have no legitimate defense-related need
14  for the information.

15                    **III.   CONCLUSION**

16      For the foregoing reasons, the parties respectfully request that the Court enter the
17  proposed Protective Order.

18

19      DATED this 30th day of October, 2020.

20                          Respectfully submitted:
21                          BRIAN T. MORAN
                        United States Attorney
22

23                          *s/ Siddharth Velamoor*
24                          SIDDHARTH VELAMOOR
                        STEVEN MASADA
25                          Assistant United States Attorneys

26

27  //
28  //

U.S. v. Rosenberg, et al. / CR20-151 RAJ
Stipulated Motion for Protective Order - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  So stipulated this 30th day of October 2020, via email authorization.

2

3  */s/ Peter Offenbecher*
4  PETER OFFENBECHER
   JACOB LAUFER
5  Counsel for Defendant Ephraim Rosenberg

6  */s/Justine Harris*
7  JUSTINE HARRIS
   ROBERT FLENNAUGH
8  Counsel for Defendant Joseph Nilsen

9
   */s/Kathleen Cassidy*
10 KATHLEEN CASSIDY
   ROBERT FLENNAUGH
11 Counsel for Defendant Kristen Leccese

12
13 */s/Jess Johnson*
   JESS JOHNSON
14 MICHAEL NANCE
15 Counsel for Defendant Hadis Nuhanovic

16
   */s/Kam Kooshki*
17 KAM KOOSHKI
   BARRY FLEGENHEIMER
18 Counsel for Defendant Rohit Kadimisetty

19

20

21

22

23

24

25

26

27

28

U.S. v. Rosenberg, et al. / CR20-151 RAJ
Stipulated Motion for Protective Order - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the attorney of record for the Defendant.

*s/Marwa Hirmendi*
MARWA HIRMENDI
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4750
Fax: (206) 553-0755
Email: Marwa.hirmendi@usdoj.gov

U.S. v. Rosenberg, et al. / CR20-151 RAJ
Stipulated Motion for Protective Order - 5