The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM ROSENBERG,<br>JOSEPH NILSEN,<br>HADIS NUHANOVIC,<br>KRISTEN LECCESE,<br>ROHIT KADIMISETTY, and<br>NISHAD KUNJU,<br><br>Defendants. | NO. CR20-151RAJ<br><br>**[PROPOSED] PROTECTIVE ORDER** |

This matter comes before the Court on the Stipulated Motion for a Protective Order regarding discovery materials, as permitted by Fed. R. Crim. P. 16(d). Having considered the record and files herein, the Court finds there is good cause to grant the stipulated motion, and hence:

IT IS HEREBY ORDERED that the United States may designate discovery materials that it deems to contain confidential and/or sensitive information as "Protected Material," and shall set forth such designation in writing in any discovery logs that describe

U.S. v. Rosenberg / CR20-151RAJ
[Proposed] Protective Order - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the relevant materials, in the file names of the relevant materials, and/or on the face of the relevant materials.

IT IS FURTHER ORDERED that the United States' failure to designate materials as "Protected Material" in any discovery production to a defendant shall not constitute a waiver of the government's ability later so to designate the materials.

IT IS FURTHER ORDERED that each defendant may challenge the government's designation of material as Protected Material in the government's production of discovery to that defendant. In the event that the parties to any such challenge cannot resolve any challenge to the designation of Protected Material by meeting and conferring, the defendant seeking to challenge the government's designation of "Protected Material" may file a motion with the Court requesting that the material not be treated as "Protected Material."

IT IS FURTHER ORDERED that possession of Protected Material received by each defendant is limited to the relevant defendant's attorneys of record in this case and the attorneys' agents, including paralegals, legal staff, and investigators, as well as expert witnesses (hereinafter the "defense team(s)").

IT IS FURTHER ORDERED that each defense team may review Protected Material with the relevant defendant, and others to whom disclosure may be necessary to assist with the preparation of the defense at trial and in any subsequent appellate proceedings. Each defendant may inspect and review Protected Material in the presence of their respective defense team, but shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof. The defense teams shall not provide Protected Material or copies thereof to any other person outside of the defense teams, including the defendants.

IT IS FURTHER ORDERED that this Order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to pursue other investigations or the prosecution in this case. Nor does it limit employees of the United States Attorney's Office

U.S. v. Rosenberg / CR20-151RAJ
[Proposed] Protective Order - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for the Western District of Washington from disclosing the Protected Material to the defense teams as necessary to comply with the government's discovery obligations.

IT IS FURTHER ORDERED that if any counsel finds it necessary to file or refer to any Protected Material in any submissions to this Court, the submission shall be filed under seal with the Court.

IT IS FURTHER ORDERED that, in the event compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

IT IS FURTHER ORDERED that at the conclusion of this case, each defense team shall return Protected Material to the United States, and/or destroy any such material still in its possession.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this _____ day of _____, 2020.

_____
HON. RICHARD A. JONES
United States District Judge

Presented by:

*s/ Siddharth Velamoor*
SIDDHARTH VELAMOOR
Assistant United States Attorney

U.S. v. Rosenberg / CR20-151RAJ
[Proposed] Protective Order - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970