The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EPHRAIM ROSENBERG,<br>JOSEPH NILSEN,<br>HADIS NUHANOVIC,<br>KRISTEN LECCESE,<br>ROHIT KADIMISETTY,<br><br>Defendants. | NO. CR20-151RAJ<br><br>***STIPULATED* MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE**<br><br>Noting date:  November 9, 2020 |

The United States of America, by and through undersigned counsel, and the defendants Ephraim Rosenberg, Joseph Nilsen, Hadis Nuhanovic, Kristen Leccese, and Rohit Kadimisetty, by and through their attorneys, respectively, hereby file this *stipulated* motion for a continuance of the trial date and the pretrial motions deadline.

Trial in this matter is scheduled for December 21, 2020.  Pretrial motions are due no later than November 5, 2020.  For the reasons stated below, the parties jointly request a continuance of the trial date until no earlier than November 1, 2021, with preference of

*STIPULATED* MOTION TO CONTINUE  - 1
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

January 31, 2022, or thereabouts as the court has availability[1]. The parties likewise request that the pretrial motions deadline be extended to a date at least three (3) months prior to the trial date, as described below.[2]

## I.  DISCUSSION

The aforementioned parties to this joint motion stipulate and agree as follows:

1. On September 16, 2020, a Grand Jury sitting in this District returned a nine-count Indictment charging the defendants[3] with counts of Conspiracy to Commit Violate the Travel Act and Computer Fraud and Abuse Act, in violation of 18 U.S.C. § 371, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and Wire Fraud, in violation of 18 U.S.C. § 1343.

2. As set forth in records on file, incorporated herein, it is alleged that the defendants participated in a fraud and bribery scheme targeting the Amazon Marketplace and its users. The alleged conduct includes the payment of commercial bribes to Amazon employees and/or contractors in order to gain unauthorized access to Amazon's computer network, obtain beneficial outcomes for certain third-party seller accounts and product listings, take harmful action against competitor seller accounts and product listings, overcome barriers to the sale of restricted items (e.g., hazardous items and regulated substances), and misappropriate internal Amazon data, which included information about the operation of the Marketplace, about particular seller accounts, and Amazon employees and customers.

3. On October 15 and 16, 2020, the above-captioned defendants made their initial appearances in this District and were arraigned on the charges. Each entered pleas of not guilty on all counts. At that time, trial in this matter initially was set for December 21, 2020, with pretrial motions due no later than November 5, 2020.

---

[1] Counsel for Defendant Rosenberg has emphasized a strong preference for a trial date after the week of January 17, 2022.
[2] The parties agree to confer regarding a more detailed briefing schedule, as needed or upon request.
[3] Nishad Kunju, also charged in the Indictment, has not appeared in this District and remains a fugitive on such charges.

STIPULATED MOTION TO CONTINUE - 2
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. The above-captioned defendants were released subject to a bond pending trial in this matter. The defendants reside outside of Washington State (in New York, Georgia, and California), and each has retained counsel.

5. The parties, by and through counsel, stipulate to and jointly request a continuance of the trial date and motions deadline as set forth herein. For multiple reasons, including, but not limited to, the Coronavirus Disease 2019 (COVID-19) and health-related directives and considerations, the nature of the charges and prosecution, the potential consequences, the possible questions of law and fact, the size, scope, and technical nature of discovery, and the unusual complexity of the case, this continuance and extension of the pretrial motions deadline are necessary and warranted.

6. The United States, including Seattle, Washington, currently is experiencing the COVID-19 pandemic that has resulted in the temporary closure of large parts of society, including federal courts. The Chief District Judge has issued a series of General Orders, incorporated herein, regarding court operations in the Western District of Washington, including the continuance of proceedings beginning March 9, 2020, and continuing thereafter, and limiting physical access to federal courthouses. Consistent with current health directives, the recommended social distancing and other health-related restrictions make it extremely difficult, if not impossible, to select a jury and proceed with a trial in December 2020, and likely in the month following, particularly given the number of defendants and counsel and the anticipated witness and duration of trial in this case. Additionally, this pandemic interferes substantially with the parties' ability to consult with clients and witnesses and to adequately prepare for trial.

7. This case involves an immense amount of electronic discovery, well beyond the typical matter. The investigation involved, among other things, searches of numerous accounts at online providers and the seizure of numerous computers and electronic devices. More than a terabyte of electronic data is being processed for potential production. Moreover, the discovery contains certain personal information and sensitive material beyond the typical matter. For instance, the electronic data contains a

*STIPULATED* MOTION TO CONTINUE - 3
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

large amount of protected information of alleged victims, personally identifiable information (PII) of individuals, and internal and proprietary company records and information.

8.  Accordingly, the parties require additional time to develop an appropriate discovery plan and enter a protective order governing the handling and storage of "Protected Material."  The parties have conferred regarding such matters and anticipate the filing of a stipulated motion for a protective order.  That protective order places limitations on the dissemination of "Protected Material," which, particularly given the current concerns related to COVID-19, necessitates additional time for counsel and the defendants to review discovery and assess the case accordingly.

9.  Undersigned defense counsel require additional time to review the evidence, with their clients, to conduct follow-up investigation, if necessary, and to retain and consult with experts, in order to provide effective representation.

10. The parties further agree that this case involves serious allegations and charges, set forth above.  For instance, the maximum penalty for wire fraud includes a term of imprisonment of up to 20 years.  Moreover, the government indicates that it anticipates seeking additional charges in advance of any trial.

11. A trial in this case likely would span multiple weeks and include testimony from many fact and expert witnesses and hundreds of exhibits.  The United States anticipates the prosecution evidence would include representatives of Amazon and various online service providers, foreign witnesses, and expert testimony regarding multiple topics, including forensic analyses of computer and other electronic evidence, among other things.  After reviewing discovery and conducting its own investigation, the defense likewise may present similar evidence at a trial.

12. Given the circumstances, including the charges, the complexity of the case, the technical nature and size of discovery, the foreseeable trial evidence, and the potential consequences of conviction, a continuance is warranted and necessary in this case.

*STIPULATED* MOTION TO CONTINUE - 4
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. Undersigned counsel respectfully request a new trial date no earlier than November 2021. Multiple defendants, through counsel, have expressed a preference for early 2022. If the Court elects to accommodate that request, based on availability of the parties, the parties request a trial date of January 31, 2022, or thereabouts as the Court has availability. The parties further request a continuance of the pretrial motions deadline.

14. Undersigned defense counsel have discussed with their client the proposed continuance and her rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The defendant agrees with this course and has executed a waiver through February 2022.

15. The parties agree that (a) the failure to grant a continuance in this case will deny defense counsel reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence; (b) the ends of justice served by granting this continuance outweigh the interest of the public and the defendant in a speedy trial; and, (c) that failure to grant a continuance in this proceeding could create a risk of a miscarriage of justice; all within the meaning of 18 U.S.C. § 3161(h)(7).

## II.     CONCLUSION

For the above stated reasons, the parties respectfully request that the Court find that the ends of justice served by continuing the trial date outweigh the best interests of the public and the defendant in a speedy trial.

It is further requested that the Court find, for the purpose of computing the time limitations imposed by the Speedy Trial Act, that the period of delay from the date of the filing of this motion until the new trial date is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i),(ii), and (iv).

Therefore, the parties ask that the trial date be continued until at least November 1, 2021, with a preference for January 31, 2022, or thereabouts as the court has availability.

The parties further ask that the deadline to file pretrial motions be reset to a date at least three (3) months prior to the rescheduled trial date. The parties further request and

*STIPULATED* MOTION TO CONTINUE - 5
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

propose that any pretrial motion be noted for consideration on the third Friday thereafter, with responses thereto due no later than fourteen (14) days after filing of motions.

DATED this   9th   day of November, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Steven Masada*
*s/ Siddharth Velamoor*
STEVEN MASADA
SIDDHARTH VELAMOOR
Assistant United States Attorneys
United States Attorney's Office

So Stipulated:

*s/ Peter Offenbecher (email authorization)*
PETER OFFENBECHER
JACOB LAUFER
Counsel for EPHRAIM ROSENBERG

*s/ Jess Johnson (email authorization)*
JESS JOHNSON
PAGE PATE
MICHAEL NANCE
Counsel for HADIS NUHANOVIC

*s/ Justine Harris (email authorization)*
JUSTINE HARRIS
ROBERT FLENNAUGH
Counsel for JOSEPH NILSEN

*s/ Kam Kooshki (email authorization)*
KAM KOOSHKI
BARRY FLEGENHEIMER
Counsel for ROHIT KADIMISETTY

*s/ Kathleen Cassidy (email authorization)*
KATHLEEN CASSIDY
ROBERT FLENNAUGH
Counsel for KRISTEN LECCESE

*STIPULATED* MOTION TO CONTINUE - 6
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970