The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

EPHRAIM ROSENBERG,
JOSEPH NILSEN,
HADIS NUHANOVIC,
KRISTEN LECCESE,

Defendants.

NO. CR20-151RAJ

***STIPULATED* MOTION TO
CONTINUE TRIAL DATE AND
PRETRIAL MOTIONS DEADLINE**

Noting date:  October 13, 2021

The United States of America, by and through undersigned counsel, and the

defendants Ephraim Rosenberg, Joseph Nilsen, Hadis Nuhanovic, and Kristen Leccese,

by and through their attorneys, respectively, hereby file this *stipulated* motion for a

continuance of the trial date and the pretrial motions deadline.

Trial in this matter currently is scheduled for January 10, 2022.  Pretrial motions

are due no later than November 4, 2021.  For the reasons stated below, the parties

stipulate and jointly request a continuance of the trial date until at least September 2022,

with preference for October 25, 2022, or thereafter as the court has availability.  The

*STIPULATED* MOTION TO CONTINUE - 1
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  parties likewise request that the pretrial motions deadline be extended to a date at least

2  three (3) months prior to the trial date, as described below.[1]

### I.    DISCUSSION

4      The aforementioned parties to this joint motion stipulate and agree as follows:

5      1.    On September 16, 2020, a Grand Jury sitting in this District returned a

6  nine-count Indictment charging the defendants[2] with counts of Conspiracy to Commit

7  Violate the Travel Act and Computer Fraud and Abuse Act, in violation of 18 U.S.C.

8  § 371, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and Wire

9  Fraud, in violation of 18 U.S.C. § 1343.

10     2.    As set forth in records on file, incorporated herein, it is alleged that the

11 defendants participated in a fraud and bribery scheme targeting the Amazon Marketplace

12 and its users.  The alleged conduct includes the payment of commercial bribes to Amazon

13 employees and/or contractors in order to gain unauthorized access to Amazon's computer

14 network, obtain beneficial outcomes for certain third-party seller accounts and product

15 listings, take harmful action against competitor seller accounts and product listings,

16 overcome barriers to the sale of restricted items (e.g., hazardous items and regulated

17 substances), and misappropriate internal Amazon data, which included information about

18 the operation of the Marketplace, about particular seller accounts, and Amazon

19 employees and customers.

20     3.    On October 15 and 16, 2020, the above-captioned defendants made their

21 initial appearances in this District and were arraigned on the charges.  Each entered pleas

22 of not guilty on all counts.  Pursuant to a stipulated motion, trial was scheduled for

23 January 2022.

24

25

26

27 [1] The parties agree to confer regarding a more detailed briefing schedule, as needed or upon request.

28 [2] Co-defendant Rohit Kadimisetty entered a guilty plea, pursuant to a plea agreement, and is pending sentencing in this matter.  Co-defendant Nishad Kunju, a foreign national also charged in the Indictment, has not appeared in this District and remains a fugitive on such charges.

*STIPULATED* MOTION TO CONTINUE - 2
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.     The above-captioned defendants were released subject to a bond pending trial in this matter.  The defendants reside outside of Washington State (in New York and Georgia), and each has retained counsel.

5.     The parties, by and through counsel, stipulate to and jointly request a continuance of the trial date and motions deadline as set forth herein.  For multiple reasons, including, but not limited to, the nature of the charges and prosecution, the potential consequences, the possible questions of law and fact, the size, scope, and technical nature of discovery, and the unusual complexity of the case, as well as the Coronavirus Disease 2019 (COVID-19), including the Delta and other variants, and health-related considerations, this continuance and extension of the pretrial motions deadline are necessary and warranted.

6.     This case involves an immense amount of electronic discovery, well beyond the typical matter.  The investigation involved, among other things, searches of more than 50 email and cloud storage accounts held at various online providers and the seizure of more than 75 electronic devices, such as computers, tablets, phones, and storage devices.  In total, the government anticipates processing numerous terabytes of electronic data in this matter.  Given the large size, discovery productions are being conduct on a rolling basis and conveyed to counsel for each defendant on external hard drives.  The United States has provided a substantial amount of data and additional productions remain forthcoming.

7.     Moreover, the discovery contains certain personal information and sensitive material beyond the typical matter.  For instance, the electronic data contains a large amount of protected information of alleged victims, personally identifiable information (PII) of individuals, and internal and proprietary company records and information.  Accordingly, the parties required additional time to develop an appropriate discovery plan and entered into a protective order governing the handling and storage of "Protected Material," which the Court approved.  That protective order places limitations on the review and dissemination of "Protected Material," which, particularly given the current

*STIPULATED* MOTION TO CONTINUE - 3
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

concerns related to COVID-19, necessitates additional time for counsel and the defendants to review discovery and assess the case accordingly.

8.     Undersigned defense counsel require additional time to review the evidence, with their clients, to conduct necessary follow-up investigation, and to retain and consult with experts, in order to provide effective representation.  Further, defense counsel and the defendants require additional time to conduct factual and legal inquiries and to determine and consider viable strategies, to include, if appropriate, a possible negotiated resolution.

9.     The parties further agree that this case involves serious allegations and charges, set forth above.  For instance, the maximum penalty for wire fraud includes a term of imprisonment of up to 20 years.  Moreover, the government indicates that it anticipates seeking additional charges in advance of any trial.

10.     A trial in this case likely would span multiple weeks and include multiple hundreds of exhibits and the testimony of dozens of fact and expert witnesses.  The United States anticipates the prosecution evidence would include representatives of Amazon and various online service providers, foreign witnesses, and expert testimony regarding multiple topics, including forensic analyses of computer and other electronic evidence, among other things.  After reviewing discovery and conducting its own investigation, the defense likewise may present similar evidence at a trial.  Further, the parties agree that such a trial, particularly with multiple defendants, would present challenges given the current health-related considerations related to COVID-19.

11.     Given the circumstances, including the charges, the complexity of the case, the technical nature and size of discovery, the foreseeable trial evidence, and the potential consequences of conviction, a continuance is warranted and necessary in this case.

12.     After consultation regarding respective conflicts, undersigned counsel and the parties are all available for trial in Seattle in early September and October 2022, and dates thereafter.

*STIPULATED* MOTION TO CONTINUE - 4
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13.     Undersigned counsel respectfully request a new trial date no earlier than September 2022.  Certain defendants further have expressed a preference as follows: (a) Counsel for Defendant Rosenberg has emphasized a strong preference for a trial date of October 25, 2022, or any date thereafter, but, alternatively, also is available in the beginning of July and the beginning of September 2022;[3] and (b) Counsel for Defendant Nuhanovic has expressed a desire for a trial date in September or October 2022.

14.     Undersigned defense counsel have discussed with their client the proposed continuance and her rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.  The defendant agrees with this course and has executed a waiver through October 2022.

15.     The parties agree that (a) the failure to grant a continuance in this case will deny defense counsel reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence; (b) the ends of justice served by granting this continuance outweigh the interest of the public and the defendant in a speedy trial; and, (c) that failure to grant a continuance in this proceeding could create a risk of a miscarriage of justice; all within the meaning of 18 U.S.C. § 3161(h)(7).

16.     The investigation also involves evidence located in a foreign country sought by an official request.  Accordingly, a continuance is further warranted under 18 U.S.C. § 3161(h)(8).

According to the court's in-court deputy, the week of October 25, 2022 currently is available, as is, alternatively, the week of August 29, 2022.

## II.     CONCLUSION

For the above stated reasons, the parties respectfully request that the Court find that the ends of justice served by continuing the trial date outweigh the best interests of the public and the defendant in a speedy trial.

---

[3] Defendant Rosenberg and his counsel are unavailable from September 26 through October 18, 2022, in light of multiple religious holidays during that period.

*STIPULATED* MOTION TO CONTINUE - 5
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

It is further requested that the Court find, for the purpose of computing the time limitations imposed by the Speedy Trial Act, that the period of delay from the date of the filing of this motion until the new trial date is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i),(ii), and (iv).

Therefore, the parties ask that the trial date be continued until at least September 2022, with a preference for October 25, 2022, or thereabouts as the court has availability.

The parties further ask that the deadline to file pretrial motions be reset to a date at least three (3) months prior to the rescheduled trial date.  The parties further request and propose that any pretrial motion be noted for consideration on the third Friday thereafter, with responses thereto due no later than fourteen (14) days after filing of motions.

DATED this 13th day of October, 2021.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Steven Masada*
*s/ Nicholas Manheim*
STEVEN MASADA
NICHOLAS MANHEIM
Assistant United States Attorneys
United States Attorney's Office

So Stipulated:

*s/ Jacob Laufer (by email auth.)*
JACOB LAUFER, *pro hac vice*
PETER OFFENBECHER
Counsel for EPHRAIM ROSENBERG

*s/ Jess Johnson (by email auth.)*
JESS JOHNSON, *pro hac vice*
MICHAEL NANCE
Counsel for HADIS NUHANOVIC

*s/ Justine Harris (by email auth.)*
JUSTINE HARRIS, *pro hac vice*
ROBERT FLENNAUGH
Counsel for JOSEPH NILSEN

*s/ Kathleen Cassidy (by email auth.)*
KATHLEEN CASSIDY, *pro hac vice*
EMILY GAUSE
Counsel for KRISTEN LECCESE

*STIPULATED* MOTION TO CONTINUE - 6
*U.S. v. Rosenberg, et al.*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970