The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EPHRAIM ROSENBERG,<br>Defendant. | NO. CR20-151 RAJ<br>***STIPULATED* MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE**<br>Noting date: October 24, 2022 |

The United States of America, by and through undersigned counsel, and defendant Ephraim Rosenberg, by and through his attorneys, hereby file this *stipulated* motion for a continuance of the trial date and the pretrial motions deadline.

Trial in this matter currently is scheduled for February 21, 2023. Pretrial motions are due no later than January 9, 2023. For the reasons stated below, the parties stipulate and jointly request a continuance of the trial date by a few additional months until at least May 2023, with a preference for May 15, 2023, or thereafter as the court has availability. The parties likewise request that the pretrial motions deadline be extended to a date at least three months prior to the trial date.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. DISCUSSION

Since filing the last motion to continue, co-defendant Hadis Nuhanovic has entered guilty pleas as part of a plea agreement. Defendant Ephraim Rosenberg is the only defendant who remains set for trial. Accordingly, the United States and Mr. Rosenberg stipulate and agree as follows:

1. On September 16, 2020, a Grand Jury sitting in this District returned a nine-count Indictment charging the defendants[1] with counts of Conspiracy to Commit Violate the Travel Act and Computer Fraud and Abuse Act, in violation of 18 U.S.C. § 371, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and Wire Fraud, in violation of 18 U.S.C. § 1343.

2. As set forth in records on file, incorporated herein, it is alleged that Mr. Rosenberg, along with his co-defendants, participated in a fraud and bribery scheme targeting the Amazon Marketplace and its users. The alleged conduct includes the payment of commercial bribes to Amazon employees and/or contractors in order to gain unauthorized access to Amazon's computer network, obtain beneficial outcomes for certain third-party seller accounts and product listings, overcome barriers to the sale of restricted items (e.g., hazardous items and regulated substances), and misappropriate internal Amazon data, which included information about the operation of the Marketplace and particular seller accounts.

3. On October 16, 2020, Mr. Rosenberg made his initial appearance in this District and was arraigned on the charges. He entered pleas of not guilty on all counts and was released subject to a bond pending trial. The defendant resides in New York and has retained counsel.

4. Pursuant to stipulated motions, trial was scheduled for January 2022, continued to October 2022, and continued to February 2023.

---

[1] Co-defendant Rohit Kadimisetty entered a guilty plea pursuant to a plea agreement and has been sentenced. Co-defendants Joseph Nilsen, Kristen Leccese, and Hadis Nuhanovic entered guilty pleas pursuant to plea agreements and are awaiting sentencing. Co-defendant Nishad Kunju, a foreign national also charged in the Indictment, has not appeared in this District, and remains a fugitive.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. The parties, by and through counsel, stipulate to and jointly request a continuance of the trial date and motions deadline for a few additional months as set forth herein. For multiple reasons, including, but not limited to, the nature of the charges and prosecution, the potential consequences, the possible questions of law and fact, the size, scope, and technical nature of discovery, and the unusual complexity of the case, as well as the Coronavirus Disease 2019 (COVID-19), and health-related considerations, this continuance and extension of the pretrial motions deadline are necessary and warranted.

6. This case involves an immense amount of discovery, well beyond the typical matter. The government has produced over 200,000 pages of reports, financial records, warrants, and other materials, and it also has produced large quantities of digital evidence. The investigation involved, among other things, searches of more than 50 email and cloud storage accounts held at various online providers and the seizure of more than 75 electronic devices, such as computers, tablets, phones, and storage devices. In total, the government has processed numerous terabytes of electronic data in this matter, and it continues to process, review, and produce discovery. Given their large size, discovery productions have been conducted on a rolling basis and conveyed to counsel for each defendant on external hard drives. To date, the United States has provided a substantial amount of data, and additional productions are forthcoming.

7. Moreover, the discovery contains certain personal information and sensitive material beyond the typical matter. For instance, the electronic data contains a large amount of protected information of alleged victims, personally identifiable information (PII) of individuals, and internal and proprietary company records and information. Accordingly, the parties required additional time to develop an appropriate discovery plan and entered into a protective order governing the handling and storage of "Protected Material," which the Court approved. That protective order places limitations on the review and dissemination of "Protected Material," which, particularly given the concerns related to COVID-19, has imposed additional burdens on the time for counsel and the defendants to review discovery and assess the case accordingly.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. The government also has sought by an official request evidence located in a foreign country. The government has received a response to that request, and the time taken by such requests warrant consideration under 18 U.S.C. § 3161(h)(8).

9. Undersigned defense counsel require additional time to review the evidence with Mr. Rosenberg, conduct necessary follow-up investigations, and retain and consult with experts, in order to provide effective representation. Further, defense counsel and the defendant require additional time to conduct factual and legal inquiries and to determine and consider viable strategies, to include, if appropriate, a possible negotiated resolution.[2]

10. The parties further agree that this case involves serious allegations and charges, set forth above. For instance, the maximum penalty for wire fraud includes a term of imprisonment of up to 20 years. Moreover, the government anticipates seeking additional charges in advance of a trial.

11. A trial in this case likely would span multiple weeks and include multiple hundreds of exhibits and the testimony of dozens of fact and expert witnesses. The United States anticipates the prosecution evidence would include representatives of Amazon and various online service providers, foreign witnesses, and expert testimony regarding multiple topics, including forensic analyses of computer and other electronic evidence, among other things. After reviewing discovery and conducting its own investigation, the defense likewise may present similar evidence at a trial.

12. Given the circumstances, including the charges, the complexity of the case, the technical nature and size of discovery, the foreseeable trial evidence, and the potential consequences of conviction, a continuance is warranted and necessary in this case.

13. After consultation regarding respective conflicts, undersigned counsel and the parties are all available for trial in Seattle in May 2023, and dates thereafter.

[2] The parties note that while not technically grounds for a continuance, the parties continue to discuss a possible resolution.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. Undersigned counsel respectfully request a new trial date no earlier than May 2023.

15. Undersigned defense counsel have discussed with their client the proposed continuance and his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The defendant agrees with this course and has executed a waiver through May 2023.

16. The parties agree that (a) the failure to grant a continuance in this case will deny defense counsel reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence; (b) the ends of justice served by granting this continuance outweigh the interest of the public and the defendant in a speedy trial; and, (c) that failure to grant a continuance in this proceeding could create a risk of a miscarriage of justice; all within the meaning of 18 U.S.C. § 3161(h)(7).

According to the court's in-court deputy, the weeks of May 8 and May 15, 2023 are currently available.

## II. CONCLUSION

For the above stated reasons, the parties respectfully request that the Court find that the ends of justice served by continuing the trial date outweigh the best interests of the public and the defendants in a speedy trial.

It is further requested that the Court find, for the purpose of computing the time limitations imposed by the Speedy Trial Act, that the period of delay from the date of the filing of this motion until the new trial date is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i),(ii), and (iv).

Therefore, the parties ask that the trial date be continued until at least May 2023, with a preference for May 15, 2023, or thereabouts as the court has availability.

//

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties further ask that the deadline to file pretrial motions be reset to a date at least three months prior to the rescheduled trial date. The parties further request and propose that any pretrial motion be noted for consideration on the third Friday thereafter, with responses thereto due no later than fourteen days after filing of motions.

DATED this 25th day of October, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Nicholas Manheim*
NICHOLAS MANHEIM
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone: (206) 553-7970
Fax: (206) 553-0582
nicholas.manheim@usdoj.gov

So Stipulated:

*s/ Peter Offenbecher (by email auth.)*
JACOB LAUFER, *pro hac vice*
PETER OFFENBECHER
Counsel for EPHRAIM ROSENBERG