Judge Richard A. Jones

FILED _____ _____ ENTERED
_____ LODGED _____ RECEIVED

**MAR 30 2023**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

EPHRAIM ROSENBERG,

        Defendant.

NO. CR20-151 RAJ

**PLEA AGREEMENT**

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Miriam R. Hinman of the Western District of Washington and Defendant Ephraim Rosenberg, by and through Defendant's attorneys, Jacob Laufer and Peter Offenbecher, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.    **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.     Conspiracy to Commit Violation of the Travel Act, as charged in

Count 1, in violation of Title 18, United States Code, Section 371.

By entering a plea of guilty, Defendant hereby waives all objections to the form of

the charging document.  Defendant further understands that before entering any guilty

plea, Defendant will be placed under oath.  Any statement given by Defendant under oath

may be used by the United States in a prosecution for perjury or false statement.

2.     **Elements of the Offense**.  The elements of the offense to which Defendant

is pleading guilty are as follows:

a.     The elements of Conspiracy, in violation of Title 18, United States

Code, Section 371, as charged in Count 1, are as follows:

- First, there was an agreement between two or more persons to commit at least
  one crime as charged in the indictment; and

- Second, the defendant became a member of the conspiracy knowing of at least
  one of its objects and intending to help accomplish it; and

- Third, one of the members of the conspiracy performed at least one overt act
  for the purpose of carrying out the conspiracy.

b.     The elements of a Violation of the Travel Act, in violation of

Title 18, United States Code, Section 1952(a)(3), are as follows:

- First, the defendant traveled in interstate or foreign commerce or used
  interstate or foreign wires with the intent to promote, manage, establish, or
  carry on, or to facilitate the promotion, management, establishment, or carrying
  on of, Commercial Bribery, in violation of New York Penal Code § 180.3 or
  California Penal Code § 641.3;[1]

---

[1] New York Penal Code § 180.3 states in pertinent part:

A person is guilty of commercial bribing in the first degree when he confers, or offers or agrees to confer,
any benefit upon any employee, agent or fiduciary without the consent of the latter's employer or principal,
with intent to influence his conduct in relation to his employer's or principal's affairs, and when the value of

Plea Agreement - 2
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    • Second, after doing so, the defendant performed or attempted to perform

2    Commercial Bribery;

3    • Third, the defendant did something that was a substantial step toward

4    committing the crime and that strongly corroborated the defendant's intent to

5    commit the crime.

6    3.    **The Penalties**. Defendant understands that the statutory penalties

7    applicable to the offense to which Defendant is pleading guilty are as follows:

8    a.    For the offense of Conspiracy to Commit Violation of the Travel

9    Act, as charged in Count 1:  A maximum term of imprisonment of up to five (5)

10    years, a fine of up to $250,000, a period of supervision following release from

11    prison of up to three (3) years, and a mandatory special assessment of $100.  If a

12    probationary sentence is imposed, the probation period can be for up to five (5)

13    years.

14    Defendant understands that supervised release is a period of time following

15    imprisonment during which Defendant would be subject to certain restrictive conditions

16    and requirements.  Defendant further understands that, if supervised release is imposed

17    and Defendant violates one or more of the conditions or requirements, Defendant could

18    be returned to prison for all or part of the term of supervised release that was originally

19

20

21    the benefit conferred or offered or agreed to be conferred exceeds one thousand dollars and causes

22    economic harm to the employer or principal in an amount exceeding two hundred fifty dollars.

23    California Penal Code § 641.3 states in pertinent part:

24    (a)  Any employee who solicits, accepts, or agrees to accept money or any thing of value from a person
      other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or
      consent of the employer, in return for using or agreeing to use his or her position for the benefit of that

25    other person, and any person who offers or gives an employee money or any thing of value under those
      circumstances, is guilty of commercial bribery.

26

27    (b)  This section does not apply where the amount of money or monetary worth of the thing of value is two
      hundred fifty dollars ($250) or less.

Plea Agreement - 3
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   imposed.  This could result in Defendant serving a total term of imprisonment greater

2   than the statutory maximum stated above.

3        Defendant understands that as a part of any sentence, in addition to any term of

4   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

5   restitution to any victim of the offense, as required by law.

6        Defendant further understands that the consequences of pleading guilty may

7   include the forfeiture of certain property, either as a part of the sentence imposed by the

8   Court, or as a result of civil judicial or administrative process.

9        Defendant agrees that any monetary penalty the Court imposes, including the

10  special assessment, fine, costs, or restitution, is due and payable immediately and further

11  agrees to submit a completed Financial Disclosure Statement as requested by the United

12  States Attorney's Office.

13       Defendant understands that, if pleading guilty to a felony drug offense, Defendant

14  will become ineligible for certain food stamp and Social Security benefits as directed by

15  Title 21, United States Code, Section 862a.

16       4.      **Immigration Consequences**.  Defendant recognizes that pleading guilty

17  may have consequences with respect to Defendant's immigration status if Defendant is

18  not a citizen of the United States.  Under federal law, a broad range of crimes are grounds

19  for removal, and some offenses make removal from the United States presumptively

20  mandatory.  Removal and other immigration consequences are the subject of a separate

21  proceeding, and Defendant understands that no one, including Defendant's attorney and

22  the Court, can predict with certainty the effect of a guilty plea on immigration status.

23  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

24  immigration consequences that Defendant's guilty plea may entail, even if the

25  consequence is Defendant's mandatory removal from the United States.

26       5.      **Rights Waived by Pleading Guilty.**  Defendant understands that by

27  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 4
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        a.      The right to plead not guilty and to persist in a plea of not guilty;

2        b.      The right to a speedy and public trial before a jury of Defendant's

3    peers;

4        c.      The right to the effective assistance of counsel at trial, including, if

5    Defendant could not afford an attorney, the right to have the Court appoint one for

6    Defendant;

7        d.      The right to be presumed innocent until guilt has been established

8    beyond a reasonable doubt at trial;

9        e.      The right to confront and cross-examine witnesses against Defendant

10   at trial;

11       f.      The right to compel or subpoena witnesses to appear on Defendant's

12   behalf at trial;

13       g.      The right to testify or to remain silent at trial, at which trial such

14   silence could not be used against Defendant; and

15       h.      The right to appeal a finding of guilt or any pretrial rulings.

16       6.      **United States Sentencing Guidelines**.  Defendant understands and

17   acknowledges that the Court must consider the sentencing range calculated under the

18   United States Sentencing Guidelines and possible departures under the Sentencing

19   Guidelines together with the other factors set forth in Title 18, United States Code,

20   Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

21   history and characteristics of Defendant; (3) the need for the sentence to reflect the

22   seriousness of the offense, to promote respect for the law, and to provide just punishment

23   for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

24   conduct; (5) the need for the sentence to protect the public from further crimes of

25   Defendant; (6) the need to provide Defendant with educational and vocational training,

26   medical care, or other correctional treatment in the most effective manner; (7) the kinds

27   of sentences available; (8) the need to provide restitution to victims; and (9) the need to

Plea Agreement - 5
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 avoid unwarranted sentence disparity among defendants involved in similar conduct who

2 have similar records.  Accordingly, Defendant understands and acknowledges that:

3      a.      The Court will determine Defendant's Sentencing Guidelines range

4 at the time of sentencing;

5      b.      After consideration of the Sentencing Guidelines and the factors in

6 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

7 maximum term authorized by law;

8      c.      The Court is not bound by any recommendation regarding the

9 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

10 range offered by the parties or the United States Probation Department, or by any

11 stipulations or agreements between the parties in this Plea Agreement; and

12      d.      Defendant may not withdraw a guilty plea solely because of the

13 sentence imposed by the Court.

14      7.      **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

15 guaranteed what sentence the Court will impose.

16      8.      **Statement of Facts**.  The parties agree on the following facts.  Defendant

17 admits he is guilty of the charged offense:

18 Beginning at a time unknown, but no later than July 2017, and continuing through
19 September 2020, at Seattle, within the Western District of Washington, and elsewhere,
the defendant Ephraim ("Ed") Rosenberg did knowingly and willfully agree with
20 multiple others to commit, and did commit, offenses against the United States, including
using a facility in interstate and foreign commerce, with the intent to promote, manage,
21 establish, carry on and facilitate the promotion, management, establishment, and carrying
22 on of an unlawful activity, that is, Commercial Bribery, in violation of New York Penal
Code Section 180.03 and California Penal Code § 641.3.  More specifically, Defendant
23 conferred bribery payments, both directly and indirectly, to employees of Amazon.com,
24 Inc. and its subsidiaries ("Amazon") in to order to, among other things, gain access to
Amazon's internal protected networks, obtain confidential property and information
25 stored thereon, and procure other competitive benefits on the Amazon Marketplace.
Defendant did so with intent to influence the employees' conduct in relation to the
26 employer's affairs and without Amazon's knowledge or consent, causing significant
27 economic harm to Amazon (far in excess of two hundred and fifty dollars).

Plea Agreement - 6
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

At all times relevant, Defendant has been the owner of Effyzaz, Inc. ("Effyzaz"), through which he has provided fee-based consulting services to merchants who sell products on the Amazon Marketplace, referred to as "third-party" or "3P" sellers. Defendant's consulting services covered a range of issues of significance to 3P sellers operating on the Amazon Marketplace, including but not limited to reinstatements of suspensions of 3P sellers' ability to sell specific products (ASINs), or to operate accounts at all, on the Amazon Marketplace. In certain instances, to aid in his efforts, Defendant agreed to confer and did confer, directly and indirectly, commercial bribes to Amazon employees to obtain Amazon's information and reinstate suspended accounts.

For example, Defendant conspired to pay, and did directly pay, bribes to an Amazon employee based in Amazon's Seattle, Washington headquarters, referred to as "Employee-A." Employee-A was a member of the "Product Review Abuse team" responsible for investigating "all reports of product review abuse and/or manipulation across all marketplaces." Between about April 2018 and December 2018, Defendant, using a PayPal account under a fake name, made 33 payments directly to Employee-A, totaling $18,650, in exchange for misappropriated and confidential information about various Amazon 3P accounts that Employee-A accessed through her position at Amazon.

Defendant also made payments to persons other than Employee A, through others, in exchange for Amazon's misappropriated and confidential information, including information about various Amazon 3P accounts. Such information included notes and details about particular seller accounts, the status of suspended seller accounts, and Amazon's enforcement actions with respect to those sellers.

In exchange for the commercial bribes paid by Defendant, Amazon employees did provide internal information stored on Amazon's computer network, thus depriving Amazon of the exclusive use and confidentiality. Such confidential information included notes and details about particular seller accounts and Amazon's enforcement actions, often referred to as "annotations" (and which Defendant and others at times referred to using code words, such as "fruit").

Defendant's conduct included use of interstate or foreign wires, including those affecting the Western District of Washington, to carry on and promote the scheme. Defendant further agrees that, for the purposes of sentencing, the total amount of bribes paid to Amazon employees either by or through him or his co-conspirators exceeded $100,000.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be

Plea Agreement - 7
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 presented by the United States or Defendant at the time of sentencing, and that the factual

2 statement contained herein is not intended to limit the facts that the parties may present to

3 the Court at the time of sentencing.

4       9.      **Sentencing Factors**.  The parties agree that the following Sentencing

5 Guidelines provisions apply to this case:

6             a.      A base offense level of 8, pursuant to USSG § 2B4.1(a).

7             b.      An offense level enhancement of 8 levels (+8), based on an

8                     estimated value of the bribes of more than $95,000 (but less than

9                     $150,000), pursuant to USSG § 2B4.1(b).

10            c.      An offense level reduction for acceptance of responsibility, as set

11                    forth in the paragraph below, conditioned upon Defendant's

12                    fulfillment of the requirements stated at USSG § 3E1.1.

13       The parties agree that they will not recommend the application of any other

14 adjustments to Defendant's offense level under the United States Sentence Guidelines,

15 except as set forth in Paragraph 10. Defendant understands, however, that at the time of

16 sentencing, the Court is free to reject these stipulated adjustments, and is further free to

17 apply additional downward or upward adjustments in determining Defendant's

18 Sentencing Guidelines range.

19       10.     **Acceptance of Responsibility.**  Defendant has made a public apology for

20 his conduct in this case. As part of this plea agreement, Defendant agrees that he will not

21 disavow his public apology or this plea agreement at any time in the future. At

22 sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for

23 acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level

24 is 16 or greater, the United States will make the motion necessary to permit the Court to

25 decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

26 because Defendant has assisted the United States by timely notifying the United States of

27

Plea Agreement - 8
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant's intention to plead guilty, thereby permitting the United States to avoid

2  preparing for trial and permitting the Court to allocate its resources efficiently.

3        11.    **Joint Recommendation Regarding Sentencing**. Pursuant to Federal Rule

4  of Criminal Procedure 11(c)(1)(B), the United States and Defendant jointly agree that the

5  appropriate sentence to be imposed is a term of probation of two (2) years, including a

6  special term of probation of twelve months of home detention with electronic monitoring.

7  The parties further jointly agree that the appropriate fine to be imposed by the Court at

8  the time of sentencing is an amount of one hundred thousand dollars ($100,000), less any

9  amounts paid in restitution and any sum of money forfeited, if any, as set forth in

10  paragraph 12 or paragraph 13, below.

11        Defendant understands that this recommendation is not binding on the Court and

12  the Court may reject the recommendation of the parties and may impose any term of

13  imprisonment up to the statutory maximum penalty authorized by law.  Defendant

14  further understands that Defendant cannot withdraw a guilty plea simply because of the

15  sentence imposed by the Court.  Except as otherwise provided in this Plea Agreement,

16  the parties are free to present arguments regarding any other aspect of sentencing.

17        12.    **Restitution.** Defendant agrees that the Court can order Defendant to pay

18  restitution to the victims of Defendant's crimes and, in exchange for the agreements by

19  the United States contained in this Plea Agreement, Defendant agrees that restitution in

20  this case should not be limited to the offense(s) of conviction.  Defendant is aware that

21  the United States will present evidence supporting an order of restitution for all losses

22  caused by all of Defendant's criminal conduct known to the United States at the time of

23  Defendant's guilty plea(s) to include those losses resulting from crimes not charged or

24  admitted by Defendant in the Statement of Facts.  In exchange for the promises by the

25  United States contained in this Plea Agreement, Defendant agrees that Defendant will be

26  responsible for any order by the District Court requiring the payment of restitution for

27  such losses.

Plea Agreement - 9
*United States v. Rosenberg*, CR20-151 RAJ

1      a.    The full amount of restitution shall be due and payable immediately

2 on entry of judgment and shall be paid as quickly as possible.  If the Court finds that the

3 defendant is unable to make immediate restitution in full and sets a payment schedule as

4 contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

5 represents a minimum payment obligation and does not preclude the U.S. Attorney's

6 Office from pursuing any other means by which to satisfy the defendant's full and

7 immediately-enforceable financial obligation, including, but not limited to, by pursuing

8 assets that come to light only after the district court finds that the defendant is unable to

9 make immediate restitution.

10      b.    Defendant agrees to disclose all assets in which Defendant has any

11 interest or over which Defendant exercises control, directly or indirectly, including those

12 held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the

13 United States' investigation identifying all property in which Defendant has an interest

14 and with the United States' lawful efforts to enforce prompt payment of the financial

15 obligations to be imposed in connection with this prosecution.  Defendant's cooperation

16 obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

17 Agreement, truthfully and completely executing a Financial Disclosure Statement

18 provided by the United States Attorney's Office and signed under penalty of perjury

19 regarding Defendant's and Defendant's spouse's financial circumstances and producing

20 supporting documentation, including  tax returns, as requested; (2) providing updates

21 with any material changes in circumstances, as described in 18 U.S.C. §  3664(k), within

22 seven days of the event giving rise to the changed circumstances; (3) authorizing the

23 United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

24 providing waivers, consents or releases requested by the U.S. Attorney's Office to access

25 records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

26 inspect and copy all financial documents and information held by the U.S. Probation

27 Office; (6) submitting to an interview or deposition regarding Defendant's Financial

Plea Agreement - 10
*United States v. Rosenberg*, CR20-151 RAJ

1   Statement and supporting documents before sentencing (if requested by the United States

2   Attorney's Office), and fully and truthfully answering questions during such interview or

3   deposition; and (7) notifying the United States Attorney's Office before transferring any

4   interest in property owned directly or indirectly by Defendant, including any interest held

5   or owned in any other name, including all forms of business entities and trusts.

6          c.      The parties acknowledge that voluntary payment of restitution prior

7   to the adjudication of guilt is a factor the Court considers in determining whether

8   Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In

9   addition, in any event, the government will consider Defendant's cooperation regarding

10  restitution in making its sentencing recommendation.

11          13.     **Forfeiture of Assets**.  Defendant understands that the forfeiture of assets is

12  part of the sentence imposed in this case.  Defendant agrees to forfeit to the United States

13  immediately Defendant's right, title, and interest in any and all property, real or personal,

14  constituting or derived from, any proceeds that Defendant obtained, directly or indirectly,

15  as a result of Defendant's commission of Conspiracy to Commit Violation of the Travel

16  Act, as charged in Count 1, in violation of Title 18, United States Code, Section 371. This

17  property is subject to forfeiture pursuant to Title 18, United States Code, Section

18  981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c).

19          Defendant agrees to fully assist the United States in the forfeiture of the above-

20  described property and to take whatever steps are necessary to pass clear title to the

21  United States, including but not limited to: surrendering title and executing any

22  documents necessary to effectuate such forfeiture; assisting in bringing any assets located

23  outside the United States within the jurisdiction of the United States; and taking whatever

24  steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed,

25  wasted, hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to

26  file a claim, or to assist any third party with filing a claim, to any of the above-described

27

Plea Agreement - 11
*United States v. Rosenberg*, CR20-151 RAJ

1  property in any federal forfeiture proceeding, administrative or judicial, which may be or

2  has been initiated.

3        The United States reserves its right to proceed against any remaining assets not

4  identified in this Plea Agreement, including any property in which Defendant has any

5  interest or control, if said assets constitute or are derived from proceeds of the offense set

6  forth in Count 1.

7        14.    **Abandonment of Electronic Devices, Electronic Files, and Contraband**.

8  Defendant also agrees that, if any federal law enforcement agency seized any electronic

9  devices or illegal contraband that was in Defendant's direct or indirect control, Defendant

10  abandons any interest in such devices or contraband and consents to the federal

11  administrative disposition, official use, and/or destruction of such devices or contraband

12  (and/or the deletion of data stored on such devices), including but not limited to, the

13  devices identified in Attachment A to this Agreement, as well as any contraband or non-

14  contraband files contained on such devices.

15        15.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

16  the United States Attorney's Office for the Western District of Washington agrees not to

17  prosecute Defendant for any additional offenses known to it as of the time of this Plea

18  Agreement based upon evidence in its possession at this time, and that arise out of the

19  conduct giving rise to this investigation, and to move to dismiss the remaining counts in

20  the Indictment at the time of sentencing.  In this regard, Defendant recognizes the United

21  States has agreed not to prosecute all of the criminal charges the evidence establishes

22  were committed by Defendant solely because of the promises made by Defendant in this

23  Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

24  Presentence Report, the United States Attorney's Office will provide the United States

25  Probation Office with evidence of all conduct committed by Defendant.

26        Defendant agrees that any charges to be dismissed before or at the time of

27  sentencing were substantially justified in light of the evidence available to the United

Plea Agreement - 12
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

2   with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

3   (1997).

4         16.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

5   Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

6   Plea Agreement and Defendant may be prosecuted for all offenses for which the United

7   States has evidence; (b) Defendant will not oppose any steps taken by the United States

8   to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

9   Agreement; and (c) Defendant waives any objection to the re-institution of any charges

10   that previously were dismissed or any additional charges that had not been prosecuted.

11         Defendant further understands that if, after the date of this Plea Agreement,

12   Defendant should engage in illegal conduct, or conduct that violates any conditions of

13   release or the conditions of confinement (examples of which include, but are not limited

14   to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

15   pending sentencing, and false statements to law enforcement agents, the Pretrial Services

16   Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

17   to file additional charges against Defendant or to seek a sentence that takes such conduct

18   into consideration by requesting the Court to apply additional adjustments or

19   enhancements in its Sentencing Guidelines calculations in order to increase the applicable

20   advisory Guidelines range, and/or by seeking an upward departure or variance from the

21   calculated advisory Guidelines range.  Under these circumstances, the United States is

22   free to seek such adjustments, enhancements, departures, and/or variances even if

23   otherwise precluded by the terms of the Plea Agreement.

24         17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

25   Defendant acknowledges that, by entering the guilty plea required by this Plea

26   Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

27   pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

Plea Agreement - 13
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  judgment of conviction.  Defendant further agrees that, provided the Court imposes a

2  custodial sentence that is within or below the Sentencing Guidelines range (or the

3  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

4  Court at the time of sentencing, Defendant waives to the full extent of the law:

5       a.       Any right conferred by Title 18, United States Code, Section 3742,

6  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

7  restitution order, probation or supervised release conditions, or forfeiture order (if

8  applicable); and

9       b.       Any right to bring a collateral attack against the conviction and

10 sentence, including any restitution order imposed, except as it may relate to the

11 effectiveness of legal representation.

12      This waiver does not preclude Defendant from bringing an appropriate motion

13 pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

14 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

15      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

16 attacking (except as to effectiveness of legal representation) the conviction or sentence in

17 any way, the United States may prosecute Defendant for any counts, including those with

18 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

19 Agreement.

20      18.     **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

21 this Plea Agreement freely and voluntarily, and that no threats or promises were made to

22 induce Defendant to enter a plea of guilty other than the promises contained in this Plea

23 Agreement or set forth on the record at the change of plea hearing in this matter.

24      19.     **Statute of Limitations**.  In the event this Plea Agreement is not accepted

25 by the Court for any reason, or Defendant breaches any of the terms of this Plea

26 Agreement, the statute of limitations shall be deemed to have been tolled from the date of

27 the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

Plea Agreement - 14
*United States v. Rosenberg*, CR20-151 RAJ

Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach
of the Plea Agreement by Defendant is discovered by the United States Attorney's
Office.

20.    **Completeness of Plea Agreement**.  The United States and Defendant
acknowledge that these terms constitute the entire Plea Agreement between the parties,
except as may be set forth on the record at the change of plea hearing in this matter.  This
Plea Agreement binds only the United States Attorney's Office for the Western District
of Washington.  It does not bind any other United States Attorney's Office or any other
office or agency of the United States, or any state or local prosecutor.

Dated this **30** day of **March**, 2023.

_____
EPHRAIM ROSENBERG
Defendant

_____
JACOB LAUFER, *pro hac vice*
PETER OFFENBECHER
Attorneys for Defendant

for: _____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
MIRIAM R. HINMAN
Assistant United States Attorney

Plea Agreement - 15
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT A

1. Multiple storage devices, including:

   a. USB Sandisk Cruzer Glide 3.0 256 GB

   b. USB Lexar 16GB

   c. Samsung portable SSD T5 1TB S/N S4B0NV0KB05658F

2. HP computer, Model 27-R114, S/N: 8CC8260CBH

3. Black Dell laptop with charging cable, service tag: 2X7R2F2

4. Black Dell laptop, service tag: 5LPMQY1

5. Black HP laptop with charging cable, S/N 5CD63279SL

Plea Agreement - 16
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970