The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>EPHRAIM ROSENBERG<br><br>Defendant. | NO. CR20-151 RAJ<br><br>UNITED STATES' SENTENCING<br>MEMORANDUM |

The United States respectfully recommends that the Court impose a sentence of two years of probation, including 12 months of home detention with electronic monitoring, and a $100,000 fine for Defendant Ephraim Rosenberg's participation in the conspiracy to bribe Amazon employees for internal information and improper benefits for sellers on the Amazon marketplace. Rosenberg pled guilty to Count 1 of the Indictment, Conspiracy to Violate the Travel Act, in violation of Title 18 U.S.C. § 371, on March 30, 2023. ECF No. 180.

## I.    INTRODUCTION

With more and more commerce moving online, people increasingly rely on the integrity of online selling platforms. Amazon.com operates one of the world's largest

United States' Sentencing Memorandum - 1
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

shopping platforms—the Amazon Marketplace—and takes steps to build and protect the integrity of that platform.  It has established guidelines and rules that are designed to protect consumers by identifying and minimizing fraud and abuse, as well as to create a fair marketplace for third-party selling partners ("3P Sellers").

Around this immense marketplace has arisen a secondary market of "consultants" who purport to help 3P Sellers succeed on Amazon and other e-commerce platforms.  A simple Google search for "Amazon consultant" results in links to business after business claiming to work with 3P Sellers to increase sales, compete with other sellers, and address suspensions and disputes with Amazon.  Consultants and 3P Sellers have grown into a robust network with regular conventions and a significant online presence.  This industry of consultants has become increasingly lucrative and competitive itself.  While some consultants offer legitimate assistance to 3P Sellers, others unfortunately employ nefarious methods to cheat, steal, and attack others.

The defendant Ephraim Rosenberg is a very successful consultant to sellers on the Amazon Marketplace who has done substantial legitimate consulting work but also chose to pursue illegal tactics to benefit himself and some of his clients at the expense of other small businesses and ordinary consumers.  Rosenberg worked with co-conspirators and corrupt Amazon employees to arrange bribes to Amazon insiders so that certain sellers could obtain Amazon's proprietary information and unfairly manipulate Amazon's online marketplace.

A number of mitigating factors distinguish Rosenberg from other defendants in this case.  Rosenberg operates a legitimate consulting business that has served many seller clients through legal means, with the conduct charged in this case constituting a significant aberration from those legal business activities.  Shortly before pleading guilty in this case, Rosenberg used his extensive Amazon seller network to disseminate a public apology urging others not to engage in such illegal tactics on the Amazon Marketplace.

United States' Sentencing Memorandum - 2
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In addition, although Rosenberg participated in illegal tactics to bolster the business of his clients, there is no evidence that Rosenberg participated in co-conspirators' direct negative attacks on competing seller businesses. Furthermore, unlike co-defendants Joseph Nilsen and Hadis Nuhanovic, Rosenberg has not been convicted of any additional tax offense. As a result, the Sentencing Guidelines range for Rosenberg is lower, and the Sentencing Commission has proposed amendments set to go into effect in November 2023 that would result in a guideline recommendation for a non-custodial sentence.

Because of these distinguishing factors, the government joins the defense and the Probation Office in recommending a sentence of two years of probation, including 12 months of home detention with electronic monitoring, a $100,000 fine, and a $100 special assessment. Rosenberg has already deposited $100,000 with the Clerk of Court. *See* ECF No. 189 & Receipt.

## II.     BACKGROUND

### A.     General Background

Rosenberg and his co-conspirators sought to bolster their own businesses and their clients' businesses by stealing from Amazon and cheating on its popular service, the Amazon Marketplace. This online platform is a global marketplace where people from all over the world can buy a range of products for shipment to locations of their choice. PSR ¶¶ 13–14. Through the Amazon Marketplace, people can buy products from Amazon itself, or from 3P Sellers. *Id*. Small businesses seeking to sell their goods to a wider market can register with Amazon, set up a digital storefront on its website, and sell products to consumers all over the world. According to Amazon, nearly 2 million small and medium-sized businesses participate in the Amazon Marketplace, and the number continues to grow, with more than 200,000 new 3P Sellers joining in 2020 alone.[1] Amazon reported

---

[1] Amazon Stats: Growth, sales, and more. https://sell.amazon.com/blog/grow-your-business/amazon-stats-growth-and-sales (last visited January 17, 2023).

United States' Sentencing Memorandum - 3
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that from May 2019 to May 2020, American small and medium businesses selling on the Marketplace had an average of over $160,000 in sales, up from approximately $100,000 a year earlier.  One analyst estimated that the annual value of the goods sold by 3P Sellers on Amazon was approximately $300 billion.[2]

The Amazon Marketplace has millions of products for sale, and a person can browse them from a computer, phone, or other digital device.  The Marketplace provides shoppers with information about sellers and products to help them decide whether products are safe, reliable, or otherwise meet the shopper's priorities.  PSR ¶ 14.  This information includes product photographs, written descriptions, and reviews from other customers.

Those who sell on the Amazon Marketplace pay fees to Amazon, and Amazon provides them with certain tools and services.  PSR ¶ 15.  Sellers benefit from the many visitors to the Amazon Marketplace and its search and promotion functions, which operate through Amazon's proprietary algorithms.  Amazon also collects and organizes substantial amounts of information about each 3P Seller—including data about its pricing, invoices, and performance—that the 3P Sellers can access.  PSR ¶ 19.  Amazon offers other services for additional fees, such as "Fullfillment by Amazon" or "FBA," in which Amazon stores 3P Seller inventory in regional fulfillment centers, arranges product shipments, and handles customer-service inquiries and returns.  PSR ¶ 15.

To manage this global market, Amazon requires 3P Sellers to follow basic rules. *See* PSR ¶ 18.  For example, 3P Sellers must provide accurate information to customers, sell safe products, and follow intellectual property and branding rules.  *Id*.  Likewise, 3P Sellers cannot manipulate product reviews, attack other 3P Sellers, or send unsolicited emails to customers.[3]  *Id*.

---

[2] Amazon's Third-Party Marketplace Is Its Cash Cow, Not AWS.
https://www.forbes.com/sites/pamdanziger/2021/02/05/amazons-third-party-marketplace-is-its-cash-cow-not-aws/?sh=771e3a0921c0 (last visited January 17, 2023).
[3] *See* Selling Policies and Seller Code of Conduct,
https://sellercentral.amazon.com/gp/help/external/G1801?language=en_US (last visited January 17, 2023).

United States' Sentencing Memorandum - 4
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Amazon also restricts who can sell certain products, in part to protect intellectual property rights and in part to ensure that customers receive the products they believe they are buying. These restrictions require 3P Sellers to provide Amazon with invoices from approved suppliers before the 3P Seller can sell those products. Approval to sell such protected products is often called "ungating."

To enforce its rules, Amazon employs programs and techniques for detecting potential violations, and also accepts complaints from 3P Sellers, consumers, and others. *See* PSR ¶¶ 21–22. Amazon can respond to violations in a number of ways, including by suspending the offending 3P Seller's account or by suspending the sale of a particular product. When faced with a suspension—either temporarily or permanently—the affected 3P Seller can contact Amazon to contest the decision, explain why it happened, and propose resolutions.

**B.    The Scheme**

Beginning by July 2017 and continuing through September 2020, Rosenberg and his co-conspirators used a number of illegal tactics to steal internal and confidential data from Amazon, gain access to internal controls and systems, and manipulate the Amazon Marketplace, largely to the disadvantage of small businesses and consumers.

Rosenberg was the owner of Effyzaz, Inc., a consulting business through which Rosenberg provided fee-based consulting services to 3P sellers on the Amazon Marketplace. PSR ¶ 32. Rosenberg's business assisted sellers with a variety of services related to the Amazon Marketplace, including helping them obtain reinstatement when they had been suspended from selling products on the Marketplace.

Although Rosenberg provided legitimate consulting services to many clients, he also participated in illegal tactics with co-conspirators in this case. Rosenberg paid bribes to Amazon insiders to obtain Amazon's confidential internal information and improper benefits, including approval to sell certain products and reinstatements of sellers and products. PSR ¶ 33.

United States' Sentencing Memorandum - 5
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Rosenberg paid bribes to Amazon employees both directly and indirectly, through co-conspirators.  Rosenberg conspired with co-defendant Nilsen to access a variety of services that Nilsen had arranged to obtain from Amazon employees via bribery.  PSR ¶ 35. Rosenberg and Nilsen corresponded by email about the types of services that Nilsen could help Rosenberg obtain via bribery.  For example, in the following exchange, Nilsen boasted that "we obtained abilities that still blow my mind" and invited Rosenberg that "if you are in need of anything, just run it by me," to which Rosenberg responded with "oh wow" and asked what the cost would be to remove product reviews:

## Re: Care for some Fruit Loops?

| | |
|---|---|
| From: | [Nilsen email address redacted] |
| To: | [Rosenberg email address redacted] |
| Date: | Wed, 10 Jan 2018 20:55:51 -0800 |

For the reviews they want me to give them the information first because it varies on how hard it will be based off of whatever factorsÂ

On Wed, Jan 10, 2018 at 11:55 PM  [Rosenberg email address redacted]          wrote:
  Can remove?Â  Cost?Â

  On Jan 10, 2018 11:53 PM,  [Nilsen email address redacted]      · wrote:
    ðŸ'◆

    On Wed, Jan 10, 2018 at 11:04 PM  [Rosenberg email address redacted]          wrote:
      oh wowÂ - ok great - product reviews?

      On Wed, Jan 10, 2018 at 11:03 PM  [Nilsen email address redacted]      wrote:
        I am not trying to make it seem like we have all the abilities in the world, but even though it took some time
        and some face to face meetings, we obtained abilities that still blow my mind.Â  I saw your email about the
        LTSF that I meant to get back to you on --- yes of course.Â  We are offering those.Â  You've seen how
        these are high up "flick the switch" type guys w/ that one h.Â  I don't want to have a little menu floating
        around but if you are in need of anything, just run it by me and I will let you know.Â  Certainly, do not
        operate under the same restrictions as the past.Â  I would say forget about what abilities we had then and
        begin to form a new paradigm of what they are now because they are night and day.Â

        On Wed, Jan 10, 2018 at 10:58 PM  [Rosenberg email address redacted]          · wrote:
          any other services?Â

          On Wed, Jan 10, 2018 at 10:50 PM  [Nilsen email address redacted]      wrote:
            Abilities have grown x10 ....Â Teamwork & interdependence could be a beautiful thingÂ

            On Wed, Jan 10, 2018 at 10:48 PM,  [Rosenberg email address redacted]          wrote:
              wow - ty - amazing -Â

              On Wed, Jan 10, 2018 at 10:45 PM  [Nilsen email address redacted]          wrote:

Rosenberg also had his own contacts inside Amazon and paid bribes directly.  For example, between about April 2018 and December 2018, Rosenberg made 33 different payments totaling $18,650 to an Amazon employee in Amazon's Seattle office, in exchange for misappropriated and confidential information about various 3P seller accounts.  PSR ¶ 34.  Rosenberg made those payments using a PayPal account that he had set up in a fake name.  *Id.*

Most of Rosenberg's bribes were to obtain Amazon's internal annotations, which contain chronological logs of details and actions related to a 3P seller account, including Amazon employees' observations of noncompliant activity and enforcement actions.  *See* PSR ¶ 36.  Sellers who had been suspended from selling on Amazon could use this internal information to see exactly what Amazon had figured out about the sellers' infractions and to tailor their appeals for reinstatement accordingly.  Communications between Rosenberg and Nilsen illustrate how routinely Rosenberg sought Nilsen's help with bribing Amazon employees to provide annotations, which Rosenberg and Nilsen often referred to using the code word "fruit":

## Re: Fruit -

| From: | [Nilsen email address redacted] |
| To: | [Rosenberg email address redacted] |
| Date: | Wed, 10 Jan 2018 18:55:52 -0800 |

You know the drill merchant i.d.'s please ...

On Wed, Jan 10, 2018 at 9:54 PM  [Nilsen email address redacted]        wrote:
    All day .... Fruit plants planted on acres of land with an abundance of daily pickings

On Wed, Jan 10, 2018 at 5:17 PM | [Rosenberg email address redacted]            wrote:
    any way to get ? cost/

United States' Sentencing Memorandum - 7
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Much less frequently, Rosenberg engaged in bribery of Amazon employees to obtain other improper benefits, such as reinstatement of suspended seller accounts. *See* PSR ¶ 33. For example, in one instance, Rosenberg and Nilsen discussed a $6,000 bribe to one of Nilsen's contacts within Amazon to reinstate a suspended seller's account. Nilsen emphasized to Rosenberg that the seller needed to submit his appeal at precisely 12:30 a.m. so that it could be "grabbed and handled" by the bribed Amazon insider:

---

## Email to send to -- Subject -- **Slightly Revised POA*

| | |
|---|---|
| **From:** | [Nilsen email address redacted] |
| **To:** | [Rosenberg email address redacted] |
| **Date:** | Mon, 05 Feb 2018 19:59:51 -0800 |
| **Attachments:** | [Seller name and Amazon ID redacted]   (33.91 kB) |

Send to: Notice-request-dispute@amazon.com
Subject: Appeal of Account Suspension

12:30 a.m. -- will be grabbed and handled

Please note the attached PDF containing the final draft of the POA that is to be sent in about an hour and a half.
----------------
One last thing -- I do not have access to this account -- It has been stressed very strongly to me -- all listings must be 100% deleted. That includes unfulfillable inventory, stranded, suppressed, archived etc. This is the only factor that would cause a problem. Every other detail has been accounted for.

---

As planned, the bribed Amazon employee reinstated the seller.

Rosenberg also purchased forged invoices from Nilsen so that sellers could submit them to Amazon as proof that the products had been obtained from approved suppliers, in order to obtain approval to sell the products. PSR ¶ 35. Amazon required proof of approved suppliers for certain product types as a means to verify the authenticity of the products in restricted categories, such as dietary supplements and items protected by intellectual property rights. As shown in the attached email exchange, Rosenberg would provide the seller details for the requested forged invoice to Nilsen, and Nilsen would provide a forged invoice, including instructions for using the invoice without raising Amazon's suspicion about the forgery:

United States' Sentencing Memorandum - 8
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Re: Peaches**

| | |
|---|---|
| From: | [Nilsen email address redacted] |
| To: | [Rosenberg email address redacted] |
| Date: | Mon, 05 Feb 2018 21:58:42 -0800 |
| Attachments: | DZ7347.pdf (173.6 kB) |

Here we go

On Tue, Feb 6, 2018 at 12:55 AM, [Rosenberg email address redacted]                    wrote:

small typo sorry - they located at  [Seller street address redacted]

On Tue, Feb 6, 2018 at 12:26 AM [Nilsen email address redacted]                    wrote:

HERE IS THE DIGITAL FORMAT OF YOUR INVOICE --- IT IS 100% SUFFICIENT --- IT IS NOT READY TO BE SUBMITTED YET

Print this pdf & then with a smartphone, take a photograph of the invoice so that everything is legible.  No need to send in professional photography images.  If you do not take this step, the metadata on the PDF file will flag Amazon and your account will be in danger.

Rosenberg and his co-conspirators caused harm to competing small business and consumers, as well as the integrity of the Amazon Marketplace, through their bribery and fraud.  Using bribery to obtain reinstatement of sellers' ability to sell on the Amazon Marketplace could result in the reinstatement of sellers facing complaints by consumers or intellectual-property holders, when those sellers would not have been reinstated if their application had been evaluated by a neutral Amazon employee.  Submission of forged supplier invoices to obtain approval to sell restricted products could permit sellers to distribute counterfeit or even unsafe products.  There is no evidence that Rosenberg facilitated the sale of any particular products that were unsafe, but that was a risk inherent in circumventing Amazon's restrictions that were designed to protect the safety and integrity of products.  Manipulating reviews further deprived consumers of information about the products they were buying.  In addition to harming consumers, the bribery and fraud scheme unfairly disadvantaged competing small businesses that were following the rules.

The parties have agreed that Rosenberg should be held responsible for a loss of at least $100,000, based on an estimate of the total amount of bribes paid by or through

United States' Sentencing Memorandum - 9
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Rosenberg or his co-conspirators.  PSR ¶ 37.  This is the same way that loss was estimated

2   for the previously sentenced co-defendants, as it is not possible to quantify the benefit

3   obtained from the bribes or the loss to competing sellers, consumers, and Amazon.

4   Although some sellers accumulated substantial sales after reinstatement, they might have

5   been able to obtain reinstatement at some point through legitimate means, so it is not

6   practical to quantify the value of sales that resulted from the bribery scheme.

7          Rosenberg was a significant player in the bribery scheme and used bribery to assist

8   a substantial number of clients, but he was one of a number of significant players in the

9   scheme.  There were other key players who had direct connections to corrupted Amazon

10  employees and used bribery to obtain services for their clients, without any involvement

11  by Rosenberg.

12         Furthermore, while Rosenberg engaged in illegal conduct to bolster the businesses

13  of his clients, there is no evidence that he engaged in the negative attacks on competing

14  businesses that some other co-defendants did.  As described at the time of Nuhanovic's

15  sentencing, Nuhanovic, Nilsen, and co-defendant Nishad Kunju worked together on an

16  attack against a competitor that involved submitting a false intellectual-property complaint

17  that a bribed Amazon employee used as the basis for suspending the competitor's account.

18  Gov. Sentencing Mem. re Nuhanovic at 10, ECF No. 171.  Nilsen and Nuhanovic also used

19  sham Amazon buyer accounts to submit negative product reviews to hurt competing sellers,

20  deceiving consumers as well in the process.  *Id.* at 8; Nilsen Plea Agreement at 10, ECF

21  No. 131.  Nilsen even defaced targeted sellers' product listings with replacement content

22  and images, including lewd and offensive content, that was designed to drive away

23  consumers and harm and intimidate the victim sellers.  ECF No. 131 at 10.  There is no

24  evidence that Rosenberg participated in negative attacks such as submitting false

25  complaints, procuring negative reviews, or defacing product listings.  PCR ¶ 38.

26

27

United States' Sentencing Memorandum - 10
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C.      Procedural History**

On September 16, 2020, a grand jury issued an Indictment charging Rosenberg, Nuhanovic, Nilsen, Kunju, Rohit Kadimisetty, and Kristen Leccese with two conspiracy counts and seven counts of wire fraud.  ECF No. 1.  Rosenberg made his initial appearance via videoconference on October 16, 2020, in response to a summons, and has been on bond since that time.  PSR ¶ 4.

While the indictment was pending, Rosenberg repeatedly attacked the indictment and proclaimed his innocence using social media.  Rosenberg referred to the indictment as a hoax and a phony crockdictment, and he accused law enforcement of failing to do basic fact-checking.

However, shortly before his guilty plea, Rosenberg circulated a public apology on Twitter and various other social media accounts that are viewed by a large number of individuals in the Amazon seller community.  PSR ¶ 42.  Rosenberg stated that he would be pleading guilty to a federal crime for bribing Amazon employees and discouraged others from paying bribes to Amazon employees.  *Id.*  He also admitted that he had made false statements about the indictment previously and disavowed those statements.  *Id.*

On March 30, 2023, Rosenberg pled guilty to Count 1 of the Indictment, Conspiracy to Violate the Travel Act, in violation of Title 18 U.S.C. § 371.  ECF No. 180.

### III.      SENTENCING GUIDELINES CALCULATIONS

The PSR correctly calculates that Rosenberg has a total offense level of 13, assuming a 3-point deduction for acceptance of responsibility, and a criminal history category of I, which results in a sentencing guideline range of 12 to 18 months.  PSR ¶¶ 53, 57, 81.

The parties agree that it would be appropriate for the Court to consider a downward variance in light of a guideline amendment proposed by the Sentencing Commission that is set to take effect in November 2023 and that the Sentencing

United States' Sentencing Memorandum - 11
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Commission has indicated it may make retroactively applicable.  The proposed amendment, "Adjustment for Certain Zero-Point Offenders" at § 4C1.1, provides for a 2-point deduction from the offense level if the defendant has no criminal history points and satisfies nine other criteria.  *See* Amendments to the Sentencing Guidelines (Preliminary Version) at 80–81, United States Sentencing Commission, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf.  If Rosenberg were sentenced under the amended version of the guidelines and the Court found that he qualified for the adjustment at § 4C1.1, his total offense level would be 11 and his guideline range would be 8 to 14 months.  A proposed amendment to the commentary would further recommend that Zero-Point Offenders in Zone B of the sentencing table receive a sentence other than a sentence of imprisonment.  *Id.* at 84.  This aligns with the parties' recommendation for a sentence including 12 months of home detention.

If the Court is inclined to sentence Rosenberg consistently with the proposed amendments, the Court must first calculate the total offense level and sentencing guideline range under the current version of the Sentencing Guidelines.  Then, if the Court determines that Rosenberg would qualify as a Zero-Point Offender, the Court could grant a two-level downward variance.

Rosenberg has agreed that if the Court grants him the benefit of early application of the proposed amendments, he will not be eligible for and will not request a post-conviction sentence reduction on the same basis, if and when the amendments go into retroactive effect.  Exhibit 1, Agreement and Waiver Regarding Early Application of Proposed Sentencing Guideline Amendments to U.S.S.G. § 4C1.1.  If the Court finds that Rosenberg would not qualify for a sentencing benefit under the proposed amendments, Rosenberg has waived the right to request a post-conviction sentence reduction on that basis.  *Id.*

United States' Sentencing Memorandum - 12
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.    FACTORS RELATED TO SENTENCING RECOMMENDATION

The United States respectfully requests that the Court sentence the defendant to two years of probation, including 12 months of home confinement with electronic monitoring, and a fine of $100,000.  The United States believes this sentence is appropriate in light of "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C).   A review of pertinent Section 3553(a) sentencing factors, below, supports the recommended sentence.

### A.    Nature and Circumstances, and Seriousness of the Offense

Rosenberg committed a serious crime when he corrupted Amazon employees, stole from Amazon, and gained access to internal systems and controls—all to the disadvantage of Amazon, small businesses, and consumers.  Rosenberg and his co-conspirators used their insider knowledge of Amazon to break its rules and abuse Amazon's platform.  They stole Amazon's confidential information to line their own pockets. They worked to manipulate reviews and feedback that Amazon and consumers relied upon.  They provided sellers with forged invoices so the sellers could represent to Amazon that their products in restricted categories had come from authentic suppliers, thus circumventing Amazon's rules that were designed to protect intellectual property rights and the integrity of other products, such as dietary supplements.  And they bribed Amazon employees to reinstate 3P Sellers' ability to sell on the Amazon marketplace, without those sellers going through the normal process through which Amazon employees would evaluate the evidence of their infractions and the sellers' efforts to remedy them.  These activities resulted in deceiving customers and unfairly disadvantaging small businesses that followed the rules.  This long-running, global conspiracy caused significant harm.

United States' Sentencing Memorandum - 13
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Although some of the conspirators caused additional harm by direct negative attacks on competitors—including false complaints to Amazon, fake negative reviews, and defacement of competitors' product listings—there is no evidence that Rosenberg engaged in such attacks.  In addition, whereas Nuhanovic and Nilsen also pled guilty to separate tax offenses, Rosenberg has not.

**B.     History and Characteristics of the Defendant**

Rosenberg's participation in the Amazon bribery scheme was a departure from his normal, legitimate business activities.  According to Rosenberg, he has provided consulting services for thousands of matters involving Amazon sellers.  He is also the founder of Amazon Sellers Group Telegram (ASGTG), a professional resource sharing and support group for Amazon sellers, which has a Facebook group with nearly 70,000 members.  PSR ¶ 32.

Participation by such a prominent consultant in a bribery and fraud scheme could tend to make other consultants and sellers think that such activities are an acceptable way of doing business, but Rosenberg has made an effort to achieve the opposite effect as part of his guilty plea.  As described above, he used his extensive network to disseminate a public apology.  PSR ¶ 42.  He told his network that he had paid bribes to Amazon employees and would be pleading guilty to a federal crime for that misconduct.  Further, he told them: "I strongly encourage all sellers and seller consultants to follow my lead on this. . . . No one should pay bribes to Amazon employees to provide private Amazon information. . . . Nor should anyone pay any Amazon employees for any other special favors regarding a seller's account.  This conduct is wrong and criminal.  Persons who engage in this misconduct should expect criminal prosecution, which—as I well know— is a huge deal."  Specifically addressing his prior statements on social media that had denied participation in the charged offense, Rosenberg stated, "Those statements are not accurate, and I disavow those statements."

United States' Sentencing Memorandum - 14
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C.**     **Need to Promote Respect for the Law, Provide Just Punishment for the Offense, and Afford Adequate Deterrence**

The need to promote respect for the law and provide adequate deterrence are important considerations in this case.  Rosenberg and his co-conspirators stole and cheated to gain an unfair advantage on the Amazon Marketplace, where millions from around the world buy and sell goods. This community includes many 3P Sellers and consultants searching for competitive advantages, and while most likely do so legitimately, it is an unfortunate reality that less ethical actors consider pursuing illegal strategies like those described above.  It is important to deter 3P Sellers and consultants from considering such conduct and dispel any belief that their corruption will go ignored.

Indeed, there is an audience watching this case closely.  This case has received considerable coverage within seller and consultant circles as well as in the press. Major U.S. media sources have described the abuse experienced by particular 3P Sellers, the charges and conduct in this case, and the industry's views of the charges.[4]

This case can help to shut down the bribery and fraudulent activities by Amazon consultants and sellers, and Rosenberg has tried to play a part in that by disseminating his public apology and exhortation to others that they should not engage in bribery on the Amazon Marketplace.  The government believes that a sentence including 12 months of home detention and a $100,000 fine would be appropriate to promote respect for the law and provide deterrence, taking into account the seriousness of Rosenberg's crime but also his public apology, his history of legitimate work, and the more limited scope of his illegal activities compared to some other co-defendants, as discussed further below.  The $100,000

---

[4] *See, e.g.*, Behind the curtains at Amazon: Shadow industry of black hat consultants alter listings for a fee. https://www.nbcnews.com/business/business-news/behind-curtains-amazon-shadow-industry-black-hat-consultants-alter-listings-n1240982 (last visited January 17, 2023); DOJ charges six people in scheme to bribe Amazon employees to 'gain upper hand' on marketplace. https://www.cnbc.com/2020/09/18/doj-charges-six-people-in-scheme-to-bribe-amazon-employees.html (last visited January17, 2023); Justice Dep. Indicts six in scheme to bribe Amazon employees and gain marketplace advantage. https://www.geekwire.com/2020/justice-dept-indicts-six-scheme-bribe-amazon-employees-gain-marketplace-advantage/ (last visited January 17, 2023).

United States' Sentencing Memorandum - 15
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   fine is also just punishment for the illegal activities that allowed Rosenberg to enrich

2   himself and his clients.

3   **D.    Need to Avoid Unwarranted Sentence Disparity Among Similarly Situated**

4        **Defendants**

5        The recommended sentence will not create any sentencing disparities.  Rosenberg

6   is the third defendant to be sentenced in this case.

7        The Court previously sentenced Kadimisetty to 10 months of imprisonment and a

8   $50,000 fine.  ECF No. 112.  Kadimisetty had the same agreed loss amount and same

9   sentencing guidelines range as Rosenberg.  Deterrence was a more significant problem in

10  Kadimisetty's case, because he claimed to Probation at the time of PSR preparation that

11  he did not realize his conduct was illegal and wrote a letter to the Court claiming that he

12  unintentionally got involved in a scheme that he did not fully understand and where he

13  was unaware of the nature of the transactions.  Kadimisetty PSR ¶¶ 68–69; Kadimisetty's

14  Letter to the Court, ECF No. 109-2.  In Kadimisetty's allocution at sentencing, he

15  continued to insist that he did not know that what he did was wrong or illegal, and he

16  blamed others for manipulating him.  As Probation noted in the PSR, Kadimisetty's

17  claims about his lack of understanding of the scheme were not consistent with the

18  discovery.  Kadimisetty PSR ¶ 69 & n.1.  In contrast, Rosenberg has publicly apologized

19  for his illegal conduct without making excuses that he did not understand what he was

20  doing.  Rosenberg has made an effort to deter others through his public apology.  As a

21  result, the government believes a lower sentence than Kadimisetty's will be sufficient but

22  not greater than necessary to serve the aims of sentencing for Rosenberg.

23       The Court previously sentenced Nuhanovic to 20 months of imprisonment,

24  restitution of $160,453 to the IRS, and forfeiture of $100,000.  ECF No. 173.  Nuhanovic

25  had a higher guidelines range than Rosenberg, 24–30 months, because he had admitted to

26  being accountable for a higher loss amount (more than $150,000 in bribes) and also pled

27

United States' Sentencing Memorandum - 16
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

guilty to a separate offense of tax evasion with a $160,453 loss.  Nuhanovic PSR ¶¶ 40–41, 46–67.  As described above, there were additional aggravating aspects of Nuhanovic's conduct, such as submitting a false intellectual-property complaint and procuring fake negative reviews against competing sellers.  Co-defendant Nilsen, who has not yet been sentenced, also engaged in those behaviors, as well as in defacing competitors' product listings.  The lack of evidence that Rosenberg participated in such negative attacks on competitors is an important distinguishing feature that is not yet accounted for in Rosenberg's lower guidelines range.

In sum, the government believes that the recommended sentence, including 12 months of home detention with electronic monitoring and a fine of $100,000, accounts for significant differences between Rosenberg and his co-defendants.

## V.    CONCLUSION

Rosenberg participated in a global conspiracy to bribe Amazon employees for stolen information and improper benefits to his seller clients, but there is no evidence that he participated in malicious attacks on competing sellers as some of his co-defendants did, and he has taken steps to help deter such bribery by publicly apologizing and discouraging others from engaging in such illegal conduct.  Particularly in light of the Sentencing Commission's proposed guideline amendments, which would appear to result in a guideline recommendation of a non-custodial sentence for Rosenberg, the government joins the defense and Probation in recommending a sentence of two years of Probation, including 12 months of home detention with electronic monitoring, and a $100,000 fine.

//

//

//

United States' Sentencing Memorandum - 17
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2       DATED this 7th day of July, 2023.

3

4                               Respectfully submitted,

5                               TESSA M. GORMAN

6                               Acting United States Attorney

7

8                               _s/ Miriam R. Hinman_
                                MIRIAM R. HINMAN
9                               Assistant United States Attorney
                                United States Attorney's Office
10                              700 Stewart Street, Suite 5220
                                Seattle, Washington 98101-1271
11                              Phone: 206-553-7970
                                Fax: 206-553-4440
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

United States' Sentencing Memorandum - 18
*United States v. Rosenberg*, CR20-151 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970